

FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

AUG 04 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VU TRONG NGUYEN, | No. 09-15186 |
| Petitioner-Appellant, | D.C. No. 04-04104-MHP |
| v. | |
| DARRELL G. ADAMS, Warden, | MEMORANDUM |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, District Judge, Presiding

Argued and Submitted May 10, 2011
San Francisco, California

Before: B. FLETCHER and THOMAS, Circuit Judges, and GERTNER, District
Court Judge.**

_____

        * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        ** The Honorable Nancy Gertner, United States District Judge for the
District of Massachusetts, sitting by designation.

-1-

Vu Trong Nguyen ("Nguyen"), a California prisoner, appeals the district court's denial of his petition for a writ of habeas corpus on the grounds that his defense counsel was ineffective for failing to request a heat of passion or voluntary manslaughter jury instruction. Nguyen raised this claim before the California Supreme Court in a state habeas petition, which was summarily denied.

We review the district court's denial of a habeas petition de novo. *Lopez v. Thompson*, 202 F.3d 1110, 1116 (9th Cir. 2000). If, however, a state court denies a habeas petition on the merits (even in a summary decision), we review the petition under the more deferential standard prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C § 2254(d); *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011). Under AEDPA, a federal court may grant a writ of habeas corpus only if the state court's decision on the merits was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We find that the California Supreme Court could have reasonably concluded that Nguyen's trial counsel's performance, even if constitutionally deficient, did not prejudice him. We affirm the district court.

We assume that the parties are familiar with the facts, and recite only those necessary to our decision. Nguyen was charged with one count of first degree murder and five counts of attempted murder for a shooting that occurred in a residential garage on March 16, 1997. With no physical evidence linking Nguyen to the crime scene, the government focused on Nguyen's motive, introducing evidence that the victims were members of a rival gang and that Nguyen's brother had been wounded (presumably by members of the rival gang) mere hours before the shooting. Though several individuals identified Nguyen as the shooter a few days after the incident, most recanted before or at the trial. Nguyen produced two alibi witnesses who testified that he was at the hospital with his brother when the shooting took place.

At the end of the trial, the trial court held a charge conference and asked defense counsel, "[Y]ou're not asking for any L-I-Os [lesser-included offenses] except murder second for Count One?" to which he responded "Right." The trial judge then said, "Okay. And I understand your reasoning on that based on what's transpired so far."

The court gave the following instruction to the jury:

> If you find that the killing was preceded and
> accompanied by a clear, deliberate intent on the part of

-3-

the defendant to kill, which was the result of deliberation and premeditation, so that it must have been formed upon preexisting reflection and *not under a sudden heat of passion* or other condition precluding the idea of deliberation, it is murder of the first degree.

(emphasis added).

The instruction approved by the trial court and counsel did not indicate that, under California law, one who intentionally kills "in the heat of passion" lacks malice and is guilty of voluntary manslaughter, not murder. CAL. PENAL CODE § 192(a). If there is substantial evidence of heat of passion, a voluntary manslaughter instruction is *required* in California even if it is against the defendant's wishes and regardless of the trial tactics that the defendant has pursued. *People v. Breverman*, 960 P.2d 1094, 1100–01 (Cal. 1998).

## II.

To prevail on an ineffective assistance of counsel claim, the petitioner must show not only that his counsel's performance fell below objective standards of reasonableness, but also that there is a reasonable probability that absent the errors the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Under AEDPA our review of an ineffective assistance of counsel claim is "doubly" deferential. *Harrington*, 131 S. Ct. at 788 (internal quotation marks and citation omitted).

Where, as here, the state court issues a summary denial on the merits, federal courts must attempt to deduce any reasonable basis for the state court's decision. *Harrington*, 131 S. Ct. at 784, 786. If the state court could have denied Nguyen's claim through a reasonable application of *Strickland*'s prejudice prong, we may not grant the writ. *Id.* at 788. Therefore, we must ask whether the California Supreme Court could reasonably conclude that Nguyen has not shown a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

It would have been reasonable for the California Supreme Court to conclude that, even if the jury had been given a voluntary manslaughter instruction, there was no reasonable probability that the jury would have found Nguyen guilty of voluntary manslaughter. The evidence indicated that there was a pre-existing gang rivalry between Nguyen and the victims and that the shooting was planned—albeit in a rapid manner. Furthermore, the shooter paused to reload, suggesting that the shooting was deliberate rather than in the heat of passion. We recognize that there is strong evidence suggesting heat of passion. But in a case with reasonable arguments on both sides, we are bound under AEDPA to defer to the state court's judgment. *Harrington*, 131 S. Ct. at 792.

In sum, because the California Supreme Court could have reasonably denied Nguyen's habeas petition on the grounds that trial counsel's failures did not prejudice him, the district court's denial of habeas relief is AFFIRMED.

We deny Nguyen's motion to expand the certificate of appealability and do not address the uncertified issues he raised in his opening brief. *See Towery v. Schriro*, 641 F.3d 300, 311 (9th Cir. 2010).